| Fill in this information to identify your case: | |
|---|---|
| United States Bankruptcy Court for the: SOUTHERN DISTRICT OF TEXAS | |
| Case number *(if known)* | Chapter **11** |

☐ Check if this an amended filing

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy 4/19

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| 1. | Debtor's name | **Victerra Energy Interests, LLC** | |
|---|---|---|---|
| 2. | All other names debtor used in the last 8 years<br>Include any assumed names, trade names and *doing business as* names | **FDBA   Atlantic Resources II Interests, LLC** | |
| 3. | Debtor's federal Employer Identification Number (EIN) | **37-1857662** | |
| 4. | Debtor's address | **Principal place of business**<br><br>**700 Milam Street**<br>**Suite 1300**<br>**Houston, TX 77002**<br>Number, Street, City, State & ZIP Code<br><br>**Harris**<br>County | **Mailing address, if different from principal place of business**<br><br>P.O. Box, Number, Street, City, State & ZIP Code<br><br>**Location of principal assets, if different from principal place of business**<br>**Wells located in Reeves County, TX**<br>Number, Street, City, State & ZIP Code |
| 5. | Debtor's website (URL) | **www.victerra.com** | |
| 6. | Type of debtor | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: _____ | |

Debtor **Victerra Energy Interests, LLC**   Case number (*if known*) _____
      Name

**7. Describe debtor's business**

A. *Check one:*
- ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
- ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- ☐ Railroad (as defined in 11 U.S.C. § 101(44))
- ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
- ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
- ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
- ■ None of the above

B. *Check all that apply*
- ☐ Tax-exempt entity (as described in 26 U.S.C. §501)
- ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
- ☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.uscourts.gov/four-digit-national-association-naics-codes.
    __2111__

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*
- ☐ Chapter 7
- ☐ Chapter 9
- ■ Chapter 11. *Check all that apply*:
    - ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625 (amount subject to adjustment on 4/01/22 and every 3 years after that).
    - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
    - ☐ A plan is being filed with this petition.
    - ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
    - ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
    - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
- ☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

- ■ No.
- ☐ Yes.

If more than 2 cases, attach a separate list.

District _____  When _____  Case number _____
District _____  When _____  Case number _____

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

- ☐ No
- ■ Yes.

List all cases. If more than 1, attach a separate list

Debtor **See Attachment**   Relationship _____
District _____   When _____   Case number, if known _____

Debtor  **Victerra Energy Interests, LLC**             Case number (*if known*) _____
      Name

**11. Why is the case filed in *this district*?**  *Check all that apply:*

- ■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.
- ☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No
☐ Yes.   Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

- ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
  What is the hazard? _____
- ☐ It needs to be physically secured or protected from the weather.
- ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).
- ☐ Other _____

**Where is the property?** _____
Number, Street, City, State & ZIP Code

**Is the property insured?**
☐ No
☐ Yes.   Insurance agency _____
            Contact name _____
            Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**   *Check one:*

- ■ Funds will be available for distribution to unsecured creditors.
- ☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ■ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**15. Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ■ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ■ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

Debtor   **Victerra Energy Interests, LLC**                                      Case number (*if known*)                     5/06/20 12:09PM
         Name

## Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   May 6, 2020
              MM / DD / YYYY

X  /s/ Drew McManigle
   Signature of authorized representative of debtor         Printed name: **Drew McManigle**

Title   **Chief Restructuring Officer**

**18. Signature of attorney**   X  /s/ Matthew S. Okin                      Date   5/6/2020
                                  Signature of attorney for debtor                 MM / DD / YYYY

**Matthew Okin**
Printed name

**Okin Adams LLP**
Firm name

**1113 Vine St., Suite 240**
**Houston, TX 77002**
Number, Street, City, State & ZIP Code

Contact phone   **(713) 228-4100**       Email address   **info@okinadams.com**

**00784695 TX**
Bar number and State

Debtor  **Victerra Energy Interests, LLC**    Case number (*if known*) _____
        Name

| Fill in this information to identify your case: |
|---|
| United States Bankruptcy Court for the: |
| SOUTHERN DISTRICT OF TEXAS |
| Case number *(if known)* _____    Chapter  **11** |

☐ Check if this an amended filing

# FORM 201. VOLUNTARY PETITION

## Pending Bankruptcy Cases Attachment

| | | | | | |
|---|---|---|---|---|---|
| Debtor | **Victerra Energy Holding Co., LLC** | | Relationship to you | | **Parent** |
| District | **Southern District of Texas, Houston Division** | When **5/06/20** | Case number, if known | | |
| Debtor | **Victerra Energy, LLC** | | Relationship to you | | **Affiliate** |
| District | **Southern District of Texas, Houston Division** | When **5/06/20** | Case number, if known | | |

Official Form 201    **Voluntary Petition for Non-Individuals Filing for Bankruptcy**    page 5

| Fill in this information to identify the case: | | |
|---|---|---|
| Debtor name | **Victerra Energy Interests, LLC** | |
| United States Bankruptcy Court for the: | **SOUTHERN DISTRICT OF TEXAS** | Check if this is an amended filing |
| Case number (if known): | | |

## Official Form 204

**Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders**

12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government | Indicate if claim is contingent, unliquidated, or disputed | Amount of Claim — If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| EagleClaw Midstream Ventures, LL P. O. Box 5889 Midland,TX 79704-0000 | | | | | | 519,265.96 |
| H. L. Hawkins, Jr., Inc. 300 Board of Trade Place New Orleans,LA 70130-0000 | | | | | | 494,077.00 |
| Aggreko Holding, Inc. P. O. Box 972562 Dallas,TX 75397-0000 | | | | | | 329,736.96 |
| Salt Creek Midstream, LLC 20329 State Hwy 249 Floor 4 Houston,TX 77070-0000 | | | | | | 291,007.03 |
| Purestream Services, LLC 790 South Komas Drive Salt Lake City,UT 84108-0000 | | | | | | 243,155.92 |
| RS Energy Group, Inc. 600 Travis St. Suite 750 Houston,TX 77002-0000 | | | | | | 173,225.00 |
| Cottonwood Ranch & Investments, LP 7715 Escala Dr. Austin,TX 78735-0000 | | | Disputed | | | 171,064.20 |
| Troy A. Carmichael Testamentary Trust 311 North Virginia Street Port Lavaca,TX 77979-0000 | | | | | | 113,602.59 |

Page 1 of 3

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and | Indicate if claim is contingent, unliquidated, or disputed | Amount of Claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Texas General Land Office 1700 N. Congress Avenue Austin,TX 78701-0000 | | | | | | 110,156.69 |
| Flatrock Eng. and Environmental, LL 18615 Tuscany Stone Suite 380  San Antonio,TX 78258-0000 | | | | | | 109,603.93 |
| Enerflex Energy Systems, Inc. P. O. Box 13800   Oklahoma City,OK 73113-0000 | | | | | | 74,162.48 |
| Horsepower Electric, LLC 28 Jenkins Drive Artesia,NM 88210-0000 | | | | | | 71,054.95 |
| FTI Consulting, Inc. P. O. Box 418005 Boston,MA 02241-0000 | | | | | | 42,016.28 |
| Centri Pump, Inc. P O Box 52321 Midland,TX 79710-0000 | | | | | | 40,069.98 |
| PERC Engineering, LLC 1880 S. Dairy Ashford Rd. Suite 606 Houston,TX 77077-0000 | | | | | | 35,099.46 |
| IHS Global, Inc. P.O. Box 847193 Dallas,TX 75284-0000 | | | | | | 33,506.76 |
| Bracewell LLP P. O. Box 207486 Dallas,TX 75320-0000 | | | | | | 31,996.56 |
| Catalyst Oilfield Service 2016 LLC PO Box 8485   Midland,TX 79708-0000 | | | | | | 29,877.53 |
| JW Powerline P. O. Box 732290 Dallas,TX 75373-0000 | | | | | | 28,619.62 |
| Schlumberger Technology Corp. P. O. Box 732149 Dallas,TX 75373-0000 | | | | | | 28,498.03 |
| McElroy, Sullivan, Miller & Weber, L P.O. Box 12127   Austin,TX 78711-0000 | | | | | | 27,675.83 |
| Hippo Energy P. O. Box 1667   Hilltop,TX 77871-0000 | | | | | | 27,300.00 |

| Name of creditor and complete mailing address | Name, telephone number and email | Nature of claim (for example, trade | Indicate if claim is contingent | Amount of Claim |

| complete mailing address, including zip code | number and email address of creditor contact | example, trade debts, bank loans, professional services, and | contingent, unliquidated, or disputed | If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Ricochet Oilfield Services, LLC P. O. Box 732951 Dallas,TX 75373-0000 | | | | | | 24,717.80 |
| RainRock Services, LLC P. O. Box 11247 Midland,TX 79702-0000 | | | | | | 22,550.35 |
| BSREP II Houston Office 3HC Owner LLC PO Box 207344 Dallas,TX 75320-0000 | | | | | | 22,072.36 |
| Whitley Penn 640 Taylor Street Suite 220  Fort Worth,TX 76102-0000 | | | | | | 20,200.00 |
| Triple T's Linings, LLC 2493 Pecos Hwy. Carlsbad,NM 88220-0000 | | | | | | 19,497.20 |
| Penasco Services, LLC PO Box 1210 Carlsbad,NM 88220-0000 | | | | | | 19,125.00 |
| Bosque Energy Services P. O. Box 2779  Weatherford,TX 76086-0000 | | | | | | 19,096.00 |
| CSI Compressco LP PO Box 840082 Dallas,TX 75284-0000 | | | | | | 16,600.00 |

5/06/20 11:39AM

Fill in this information to identify the case:

Debtor name: **Victerra Energy Interests, LLC**

United States Bankruptcy Court for the: SOUTHERN DISTRICT OF TEXAS

Case number (if known):

☐ Check if this is an amended filing

Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)
- ☐ Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)
- ☐ Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)
- ☐ Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)
- ☐ Schedule H: Codebtors (Official Form 206H)
- ☐ Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)
- ☐ Amended Schedule
- ■ Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)
- ☐ Other document that requires a declaration

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 6, 2020

X _____
Signature of individual signing on behalf of debtor

**Drew McManigle**
Printed name

**Chief Restructuring Officer**
Position or relationship to debtor

# United States Bankruptcy Court
## Southern District of Texas

In re **Victerra Energy Interests, LLC**  
Debtor(s)

Case No.  
Chapter **11**

## CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for **Victerra Energy Interests, LLC** in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

**Victerra Energy Holding Co., LLC**
**700 Milam Street**
**Suite 1300**
**Houston, TX 77002**

☐ None [*Check if applicable*]

**May 6, 2020**
Date

**/s/ Matthew Okin**
**Matthew Okin**
Signature of Attorney or Litigant
Counsel for **Victerra Energy Interests, LLC**
**Okin Adams LLP**
**1113 Vine St., Suite 240**
**Houston, TX 77002**
**(713) 228-4100 Fax:(888) 865-2118**
**info@okinadams.com**

**VICTERRA ENERGY HOLDING CO., LLC**

**UNANIMOUS WRITTEN CONSENT OF THE BOARD OF MANAGERS**

The undersigned, being all of the members of the board of managers of Victerra Energy Holding Co., LLC, a Delaware limited liability company (the "Company"), pursuant to Section 18-404 of the Delaware Limited Liability Company Act and Section 6.02(c) of the Second Amended and Restated Limited Liability Company Agreement of the Company dated February 28, 2019, as amended (the "LLC Agreement"), upon execution hereof, do hereby adopt and approve by unanimous written consent the resolutions attached hereto as Exhibit A, effective as of May 6, 2020, and waive all notice requirements related to this consent pursuant to the LLC Agreement. Capitalized terms not otherwise defined herein shall have the meaning set forth in the LLC Agreement.

IN WITNESS WHEREOF, the undersigned have executed this consent as of the date first written above.

By: _____

Name:   Geer Blalock

Title:    Manager

**EXHIBIT A**

## RESOLUTIONS OF THE BOARD OF MANAGERS
## OF
## VICTERRA ENERGY HOLDING CO., LLC
## A DELAWARE CORPORATION

**WHEREAS**, Victerra Energy Holding Co., LLC, a Delaware limited liability company (the "Company"), previously retained the services of a Chief Restructuring Officer (the "CRO") to advise the board of managers (the "Board") of the Company;

**WHEREAS**, the Board has considered presentations made by, and has reviewed and had the opportunity to ask questions about the materials presented by, the CRO, other officers of the Company and other advisors (the "Advisors") regarding the liabilities, liquidity and prospects of the Company, Victerra Energy, LLC, a Texas limited liability company ("VIC"), and Victerra Energy Interests LLC, a Texas limited liability company ("VEI" and collectively with VIC, the "Subsidiaries"), the alternatives available to the Company and the Subsidiaries, and the impact of the foregoing on the Company's and the Subsidiaries' businesses (collectively, the "Strategic Alternatives"); and

**WHEREAS**, the Board, on behalf of the Company, acting in its individual capacity and in its capacity as the sole member of each of VIC and VEI (any and all such capacities being collectively referred to herein as the "Applicable Capacities") desires to approve the following resolutions.

**Commencement of Chapter 11 Case**

**WHEREAS**, the Board, acting in its Applicable Capacities, has discussed the Strategic Alternatives with the CRO and the Advisors and fully considered each of those alternatives available to the Company and the Subsidiaries, and has determined that it is in the best interests of the Company and the Subsidiaries to file petitions with the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court") seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

**NOW, THEREFORE, BE IT RESOLVED**, that the CRO and any other officers of the Company and the Subsidiaries (each, an Authorized Officer) be, and each of them hereby is, authorized and empowered, in the name and on behalf of the Company and the Subsidiaries to negotiate, execute, deliver, and file with the Bankruptcy Court all plans, petitions, schedules, statements, motions, lists, applications, pleadings, papers, affidavits, declarations, orders and other documents (collectively, the "Chapter 11 Filings") in such form and with such changes, additions and modifications thereto as any such Authorized Officer may deem necessary, appropriate or advisable, the execution, delivery and filing thereof to be conclusive evidence of the approval of the Board, acting in its Applicable Capacities;

**FURTHER RESOLVED**, that the Authorized Officers be, and each of them hereby is, authorized and empowered, in the name and on behalf of the Company and the Subsidiaries, to

take and perform any and all further acts and deeds that such Authorized Officer deems necessary, appropriate or advisable in connection with the Company's and the Subsidiaries' Chapter 11 Filings and chapter 11 cases (the "Chapter 11 Cases"), including, without limitation, (i) the payment of fees, consent payments, indemnities, taxes and other expenses such Authorized Officer deems necessary, appropriate or advisable, and (ii) negotiating, executing, delivering, performing and filing any and all additional documents, schedules, statements, lists, papers, agreements, certificates and/or instruments in connection with, or in furtherance of, the Chapter 11 Cases with a view to the successful prosecution of the Chapter 11 Cases, including any plan documents, in such form and with such changes, additions and modifications thereto as any such Authorized Officer may deem necessary, appropriate or advisable, the execution, delivery and filing thereof to be conclusive evidence of the approval of the Board, acting in its Applicable Capacities.

**Retention of Advisors**

**RESOLVED**, that, in connection with the Chapter 11 Cases, the Authorized Officers, be, and each of them hereby is, authorized and empowered, in the name and on behalf of the Company and the Subsidiaries, to employ and retain assistance by legal counsel, accountants, financial advisors, and other professionals, on behalf of the Company and the Subsidiaries (the "Chapter 11 Advisors"), that such Authorized Officer deems, in their reasonable judgment, necessary, appropriate or advisable in connection with, or in furtherance of, the Chapter 11 Cases, with a view to the successful prosecution of the Chapter 11 Cases;

**FURTHER RESOLVED**, that the law firm of Okin Adams LLP, 1113 Vine Street, Suite 240, Houston, Texas 77002, is hereby retained and employed as attorneys for the Company and the Subsidiaries in the Chapter 11 Cases;

**FURTHER RESOLVED**, that the firm of Buckley & Boots, LLC, 1117 Potomac, Suite B, Houston, Texas 77057, is hereby retained and employed as oil and gas consultants for the Company and the Subsidiaries in the Chapter 11 Cases; and

**FURTHER RESOLVED**, that the Authorized Officers, be, and each of them hereby is, authorized and empowered, in the name and on behalf of the Company and the Subsidiaries, to take and perform any and all further acts and deeds, including, without limitation, (i) the payment of any consideration, (ii) the payment of fees, consent payments, indemnities, taxes and other expenses such Authorized Officer deems necessary, appropriate or advisable, and (iii) negotiating, executing, delivering, performing, and filing any and all documents, motions, pleadings, applications, declarations, affidavits, schedules, statements, lists, papers, agreements, certificates and/or instruments in such form and with such changes, additions and modifications thereto as any such Authorized Officer may deem necessary, appropriate or advisable in connection with the retention of Chapter 11 Advisors, the execution, delivery, performance and filing thereof to be conclusive evidence of the approval of the Board, acting in its Applicable Capacities.

**EnergyNet Sales Process**

**RESOLVED**, that the Board, acting in its Applicable Capacities, has determined, after consultation with the CRO and the Advisors, that, subject to approval of the Bankruptcy Court,

the Company and the Subsidiaries, as debtors and debtors in possession under chapter 11 of the Bankruptcy Code, shall be, and hereby are, authorized to list the properties and assets of the Company and the Subsidiaries for sale through EnergyNet.Com, LLC, in accordance with the forms of agreements previously provided by the CRO to the Board and the process discussed by the CRO, the Advisors and the Board, with such changes, additions and modifications thereto as any such Authorized Officer, exercising their reasonable business judgment, may deem necessary, appropriate or advisable for the continuing conduct of the affairs of the Company and the Subsidiaries the execution and delivery thereof to be conclusive evidence of the approval of the Board, acting in its Applicable Capacities.

**General Authorization and Prior Acts**

**RESOLVED**, that the Authorized Officers be, and each of them hereby is, authorized and empowered, for and on behalf of the Company and the Subsidiaries, to take or cause to be taken any and all such actions and to enter into, execute and deliver, or to cause to be entered into, executed and delivered, any and all such acknowledgments, agreements, applications, certificates, declarations, instruments, contracts, notices, powers, statements and other instruments and documents, or to effect any filings with any and all appropriate regulatory authorities, as may be required or as any such Authorized Officer may deem necessary, necessary, appropriate or advisable to effectuate and carry out the transactions contemplated by, and the purposes and intent of, the foregoing resolutions; all such actions to be performed in such manner and all such acknowledgements, agreements, applications, certificates, declarations, instruments, contracts, notices, powers, statements and other instruments and documents to be executed and delivered in such form as the Authorized Officer performing or executing, or causing the execution of, the same shall approve, such Authorized Officer's performance or execution and delivery thereof to be conclusive evidence of such approval and the approval of the Board, acting in its Applicable Capacities; and

**FURTHER RESOLVED**, that the authority granted to the Authorized Officers of the Company and the Subsidiaries under the foregoing resolutions shall be deemed to include, in the case of each such resolution, the authority to perform such further acts and deeds for and on behalf of the Company and the Subsidiaries, necessary, appropriate or advisable, in the reasonable judgment of such Authorized Officers, to carry out the transactions contemplated thereby, and all acts and deeds previously performed by any of the Authorized Officers or Advisors, for and on behalf of the Company and the Subsidiaries, prior to the date hereof that are within the authority conferred by the foregoing resolutions are each adopted, approved, ratified and confirmed in all respects as the authorized acts and deeds of the Company and the Subsidiaries, as applicable.